UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The City of Farmington Hills  Civil No. 10-4372 (DWF/JJG)
Employees Retirement System,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.  **MEMORANDUM**
  **OPINION AND ORDER**

Wells Fargo Bank, N.A.,

    Defendant.

---

David M. Cialkowski, Esq., Carolyn G. Anderson, Esq., Brian C. Gudmundson, Esq., and June Pineda Hoidal, Esq., Zimmerman Reed, P.L.L.P.; and Peter A. Binkow, Esq., Andy Sohrn, Esq., Casey E. Sadler, Esq., Elizabeth M. Gonsiorowski, Esq., Robin Bronzaft Howald, Esq., and Jill Duerler, Esq., Glancy Binkow & Goldberg LLP; and Thomas C. Michaud, Esq., VanOverbeke, Michaud & Timmony PC; Christopher D. Kaye, Esq. and E. Powell Miller, Esq., The Miller Law Firm, P.C.; and Avraham Noam Wagner, Esq., The Wagner Firm, counsel for Plaintiffs.

Lawrence T. Hoffman, Esq., Richard M. Hagstrom, Esq., James S. Reece, Esq., Rory D. Zamansky, Esq., Daniel J. Millea, Esq., and Michael R. Cashman, Esq., Zelle Hofmann Voelbel & Mason LLP; and Brooks F. Poley, Esq., and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Defendant's Motion to Exclude from the Class Those Wells Fargo Securities Lending Program Participants Who Did Not Suffer Any Loss (Doc. No. 238).  For the reasons set forth below, Defendant's motion is denied.

# BACKGROUND[1]

## 1. Factual Background

The City of Farmington Hills Employees Retirement System ("Plaintiff") is a single-employer defined pension plan. (Doc. No. 63 at 6.) According to the Complaint, Plaintiff and other similarly situated institutional investors participated in a securities lending program offered through Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (Doc. No. 1, Ex. 1, Compl. ¶ 1.) Plaintiff alleges that all members of the putative class (including itself) entered into securities lending agreements ("SLAs") with Wells Fargo. (*See id.* ¶ 5.) As part of Wells Fargo's Securities Lending Program ("SLP"), the investors would allow Wells Fargo to loan their securities to third-party borrowers in return for cash collateral. (*Id.*) Upon receiving this cash collateral, Wells Fargo would invest the collateral and share a percentage of the revenues with the original investors. (*Id.*)

The putative class includes in excess of one hundred institutional investors who participated in the SLP during the Class Period: January 1, 2006 to the present. (Doc. No. 241 at 1.) Plaintiff and putative class members allege that they suffered losses as a result of their participation in the SLP.[2] (Compl. ¶ 1.) The gravamen of Plaintiff's argument is that Wells Fargo failed to ensure that the collateral funds were invested in safe, liquid, short-term investments, and instead improperly invested proceeds in high

---

[1] The Court outlined the relevant facts in its March 27, 2012 Order and reiterates them in part here. (Doc. No. 120, "March 2012 Order.")

[2] The Complaint does not specifically define the types of losses Plaintiff and the putative class members may have suffered.

risk, long-term securities.  (*See id.* ¶¶ 9, 12, 13.)  Further, Plaintiff argues that Wells Fargo systematically obscured the effects of its mismanagement by concealing investment performance information from the class members in order to prevent them from exiting the SLP.  (*Id.*)

The twenty-six (26) participants at issue in this motion can be grouped into a handful of categories based on the parties' factual disputes regarding their exit date from the SLP, the significance of their exit date, whether they may have suffered losses, and the significance of the purported losses.  Plaintiffs have submitted over two dozen exhibits disputing the assertions as to the exit date and absence of losses for more than two-thirds of the participants contained in the Affidavit of Laurissa Ahlstrand, the current Vice President of Client Services and Operations of Clearlend Securities and the previous Director of Operations and Technology for the Program.  (Doc. No. 242, Ahlstrand Aff.; Doc. No. 252, Gudmundson Decl. ¶ 2, Exs.1-2, 17-19, 21-31, 35.)  The parties also dispute whether the July 28, 2008 letter from Wells Fargo to the Twin City Hospital Workers Pension Fund constituted a valid release.[3]

**2.    Procedural History**

On March 27, 2012, this Court granted in part Plaintiff's Motion for Class Certification as to its claims for breach of fiduciary duty, breach of contract, and violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69.  (March 2012 Order at 20-21.)  In finding that the proposed class satisfied the typicality

---

[3]    At oral argument, Wells Fargo submitted a copy of this letter in addition to a demonstrative participant comparison chart and a 2007 e-mail exchange involving Ahlstrand regarding the SLP.

3

requirement for class certification pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court found:

> The time frame in which individual class members sold their securities may be an issue when determining damages, but the class members are pursuing the same legal theories and will likely utilize the same evidence regarding Wells Fargo's monitoring of the investments and alleged failure to invest the collateral in accordance with the investment guidelines to prove those legal theories.

(*Id*. at 9.) Moreover, the Court found that Plaintiff and the proposed class members "share the common goal of recovering damages from Wells Fargo as a result of the SLP's losses" and that Plaintiff's viewpoints and goals were "unlikely to diverge from those of the remainder of the class" despite the variance in each participant's damages. (*Id*. at 11.) The Court acknowledged Wells Fargo's concern in conjunction with Plaintiff's breach of contract claim that each class member prove its individualized damages: "Nevertheless, 'the mere existence of individual questions such as damages does not automatically preclude satisfaction of the predominance requirement . . . so long as there is some common proof to adequately demonstrate some damage to each plaintiff.'" (*Id*. at 14 n.5) (quoting *Bokusky v. Edina Realty, Inc.*, No. 3:92-cv-00223, 1993 WL 515827, at *8 (D. Minn. Aug. 6, 1993) (internal citation omitted)). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified the class consisting of: "All participants in Defendant Wells Fargo Bank, N.A.'s securities lending program (the 'Program') from any time in the period January 1, 2006 to the present who suffered losses due to the Program's purchase and maintenance of high risk, long-term securities." (*Id*. at 20-21; Doc. No. 154 at 3.)

4

Pursuant to the Court's May 25, 2012 Order (Doc. No. 154), on June 1, 2012, Class Notice was provided to 137 potential members of the defined class. (Doc. No. 133, Ex. A; Doc. No. 154 at 3; Doc. No. 221.) The participants who received notice on June 1, 2012 had until July 31, 2012 to opt-out by signing and returning the Exclusion Request Form. (Doc. No. 133, Ex. A. at 5; Doc. No. 221 at 2.) However, sixteen participants that exited the Program in 2006 were inadvertently omitted from the Class Notice list. (Gudmundson Decl. ¶ 2, Exs. 5, 6, 7.) They were provided with Class Notice on September 20, 2012 and were given until November 19, 2012 to opt-out of the lawsuit.[4] (Doc. No. 225.)

Fact discovery in this case was to be completed by October 8, 2012 and expert discovery is to be completed by February 8, 2013. (Doc. No. 248 at 1.) The nondispositive motion deadline is March 1, 2013 and the dispositive motion deadline is March 15, 2013. (*Id*. at 2.)

## DISCUSSION

Wells Fargo asserts that 26 participants should be excluded because they either did not suffer any investment losses or their accounts did not hold any defaulted or devalued securities. In support of its motion, Wells Fargo submits the Ahlstrand Affidavit containing sworn statements regarding the absence of any losses incurred by the 26 participants at issue based on their exit dates or other factors; however, it does not include any supporting documents.

---

[4] At oral argument, Wells Fargo asserted that none of the participants that received the supplemental notice are subject to the instant motion.

5

Plaintiff contends that Wells Fargo's motion is premature because discovery is ongoing, expert discovery has yet to begin and the factual assertions as to the exit dates and absence of participant losses contained in the Ahlstrand Affidavit are insufficiently supported and contrary to facts learned in discovery.[5]  Plaintiff further argues that to exclude these participants prior to expert discovery would be an impermissible one-way intervention.  Finally, Plaintiff argues that regardless of the amount of each participant's investment losses, they may be entitled to a return of fees on an equity theory based on the breach of fiduciary duty claim.

The Court agrees that Wells Fargo's motion is premature, particularly given that Wells Fargo continued producing relevant discovery up to the day of oral argument and continues to supplement and substantively amend its discovery responses.  The Court acknowledges Wells Fargo's prejudice concerns should these issues be decided on the eve of trial.  Yet, Wells Fargo has not argued that it will be prejudiced by waiting until the close of expert discovery to resolve these issues.

At this stage of the case and based on the facts in the record, the Court is not satisfied that it can properly exclude any of the 26 participants.  Although the issue of whether a participant that did not suffer investment losses could nonetheless recover investment fees under an equity theory could be ripe for review on a different set of facts,

---

[5]   Plaintiff also requests that paragraphs 9, 11, 13, and 14 of the Ahlstrand Affidavit be stricken as inadmissible evidence.  Because the Court does not rely on these portions of the affidavit in reaching its decision, Plaintiff's request is denied as moot.

this case would benefit from the completion of expert discovery.[6]  *See Workers' Compensation Reinsurance Ass'n v. Wells Fargo Bank, N.A.*, No. A11-1260, 2012 WL 1253094 (Minn. Ct. App. Apr. 16, 2012) ("*WCRA*").  Similarly, the Court finds that it would be premature to reach the issue of whether participants that may not have suffered investment losses can recover for lost profits or punitive damages should such a claim be asserted.  Furthermore, a determination on the merits could improperly influence the participants that have until November 19, 2012 to opt-out of the lawsuit.

## CONCLUSION

Though the Court finds the instant motion to be premature, it denies the motion without prejudice to allow Wells Fargo to renew its motion should these issues become ripe.  The Court believes that settlement of these issues is in the parties' collective best interest.  The parties are encouraged to continue to engage in a constructive dialogue.  Based upon a review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

[6]     Given the significant number of disputed facts as to participant exit dates and losses, the Court lacks a sufficient basis upon which to determine the appropriateness of the Plaintiff's reliance on *WCRA* in arguing that even if the 26 participants did not incur investment losses, they could recover investment fees in equity on a breach of fiduciary duty claim.  2012 WL 1253094, at *13-14.

## ORDER

Wells Fargo's Motion to Exclude from the Class Those Wells Fargo Securities Lending Program Participants Who Did Not Suffer Any Loss (Doc. No. [238]) is **DENIED WITHOUT PREJUDICE**.

Dated: October 22, 2012					s/Donovan W. Frank
							DONOVAN W. FRANK
							United States District Judge