UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The City of Farmington Hills
Employees Retirement System,
individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

Wells Fargo Bank, N.A.,

        Defendant.

Civil No. 10-4372 (DWF/JJG)

ORDER

This matter is before the Court upon Plaintiff The City of Farmington Hills Employees Retirement System's ("Plaintiff") appeal (Doc. No. 260) of Magistrate Judge Jeanne J. Graham's September 24, 2012 Order (Doc. No. 235). Defendant Wells Fargo Bank, N.A. ("Defendant") opposes Plaintiff's appeal. (Doc. No. 269.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Having

reviewed the record and the submissions of counsel, the Court finds that Magistrate Judge Graham's Order is neither clearly erroneous nor contrary to law.

Plaintiff objects to the Order to the extent the Magistrate Judge authorized Defendant to conduct ten depositions of absent class members. Plaintiff argues that depositions of absent class members would be unduly burdensome, irrelevant, and would elicit no probative evidence. (Doc. No. 260.) Defendant contends, however, that the Magistrate Judge applied the proper standard in permitting the depositions to go forward and appropriately limited the scope, number, and length of the depositions in order to mitigate any potential burden. (Doc. No. 269.)

On November 13, 2012, the first of such absent class member depositions took place. In a letter to the Court, Plaintiff reported that Defendant's deposition of the Adventist Health System designee on that date "reflected the substantial burdens associated with such depositions, went beyond the permissible scope and illustrated the lack of probative value of such depositions." (Doc. No. 280 at 1.) On the contrary, Defendant maintains that the questions asked "explored Adventist's 'consideration of and decision to engage in securities lending at Wells Fargo' . . . as well as the Confidential Memoranda that Adventist reviewed before choosing to invest its cash collateral in the Wells Fargo Trust for Securities Lending." (Doc. No. 281 at 1.)

In light of the foregoing, and the record and proceedings herein, the Court concludes that Plaintiff has failed to demonstrate that the discovery ruling is either clearly

erroneous or contrary to law.  Therefore, the Court denies Plaintiff's appeal and affirms Magistrate Judge Graham's September 24, 2012 Order in all respects.[1]

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to Magistrate Judge Jeanne J. Graham's September 24, 2012 Order (Doc. No. [260]) is **OVERRULED**.

2. Magistrate Judge Jeanne J. Graham's September 24, 2012 Order (Doc. No. [235]) is **AFFIRMED**.

Dated:  November 19, 2012         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

---

[1] The Court reserves the right to award attorney fees and costs upon completion of the absent class member depositions in the event Plaintiff can establish that the deposition questioning improperly exceeded the scope of Magistrate Judge Graham's Order, was unnecessarily cumulative or duplicative, or was otherwise not relevant to any claim or defense.