# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

The City of Farmington Hills
Employees Retirement System,
individually and on behalf of all others
similarly situated,

Civil No. 10-4372 (DWF/JJG)

        Plaintiff,

v.

**ORDER**

Wells Fargo Bank, N.A.,

        Defendant.

This matter is before the Court upon Plaintiff The City of Farmington Hills

Employees Retirement System's ("Plaintiff") appeal (Doc. No. 260) of Magistrate Judge

Jeanne J. Graham's September 24, 2012 Order (Doc. No. 235). Defendant Wells Fargo

Bank, N.A. ("Defendant") opposes Plaintiff's appeal. (Doc. No. 269.)

The Court must modify or set aside any portion of the Magistrate Judge's order

found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential standard." *Reko v.*

*Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Having

reviewed the record and the submissions of counsel, the Court finds that Magistrate Judge

Graham's Order is neither clearly erroneous nor contrary to law.

Plaintiff objects to the Order to the extent the Magistrate Judge authorized

Defendant to conduct ten depositions of absent class members.  Plaintiff argues that

depositions of absent class members would be unduly burdensome, irrelevant, and would

elicit no probative evidence.  (Doc. No. 260.)  Defendant contends, however, that the

Magistrate Judge applied the proper standard in permitting the depositions to go forward

and appropriately limited the scope, number, and length of the depositions in order to

mitigate any potential burden.  (Doc. No. 269.)

On November 13, 2012, the first of such absent class member depositions took

place.  In a letter to the Court, Plaintiff reported that Defendant's deposition of the

Adventist Health System designee on that date "reflected the substantial burdens

associated with such depositions, went beyond the permissible scope and illustrated the

lack of probative value of such depositions."  (Doc. No. 280 at 1.)  On the contrary,

Defendant maintains that the questions asked "explored Adventist's 'consideration of and

decision to engage in securities lending at Wells Fargo' . . . as well as the Confidential

Memoranda that Adventist reviewed before choosing to invest its cash collateral in the

Wells Fargo Trust for Securities Lending."  (Doc. No. 281 at 1.)

In light of the foregoing, and the record and proceedings herein, the Court

concludes that Plaintiff has failed to demonstrate that the discovery ruling is either clearly

erroneous or contrary to law.  Therefore, the Court denies Plaintiff's appeal and affirms

Magistrate Judge Graham's September 24, 2012 Order in all respects.[1]

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Objection to Magistrate Judge Jeanne J. Graham's

September 24, 2012 Order (Doc. No. [260]) is **OVERRULED**.

2.      Magistrate Judge Jeanne J. Graham's September 24, 2012 Order (Doc.

No. [235]) is **AFFIRMED**.


Dated:  November 19, 2012          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

---

[1]      The Court reserves the right to award attorney fees and costs upon completion of
the absent class member depositions in the event Plaintiff can establish that the
deposition questioning improperly exceeded the scope of Magistrate Judge Graham's
Order, was unnecessarily cumulative or duplicative, or was otherwise not relevant to any
claim or defense.