UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The City of Farmington Hills<br>Employees Retirement System,<br>The Board of Trustees of the<br>Arizona State Carpenters Pension<br>Trust Fund, and The Arizona State<br>Carpenters Defined Contribution<br>Trust Fund, individually and on<br>behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>                Defendant. | Civil No. 10-4372 (DWF/JJG)<br><br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

---

David M. Cialkowski, Esq., Carolyn G. Anderson, Esq., June Pineda Hoidal, Esq., and Brian C. Gudmundson, Esq., Zimmerman Reed, P.L.L.P.; and Peter A. Binkow, Esq., Kara M. Wolke, Esq., Kevin Ruf, Esq., Leanne E. Heine, Esq., Casey E. Sadler, Esq., Elizabeth M. Gonsiovowski, Esq., Jill Duerler, Esq., and Robin Bronzaft Howald, Esq., Glancy Binkow & Goldberg LLP; and Thomas C. Michaud, Esq., Vanoverbeke, Michaud & Timmony P.C.; and Christopher D. Kaye, Esq., E. Powell Miller, Esq., Jayson E. Blake, Esq., and Sharon S. Almonrode, Esq., The Miller Law Firm, P.C., counsel for Plaintiffs.

Bart H. Williams, Esq., Munger Tolles & Olson LLP; John N. Sellner, Esq., Justin H. Jenkins, Esq., Brooks F. Poley, Esq., William A. McNab, Esq., Winthrop & Weinstine, PA; Lawrence T. Hoffman, Esq., Richard M. Hagstrom, Esq., Rory D. Zamansky, Esq., Lindsey A. Davis, Esq., Daniel J. Millea, Esq., Michael R. Cashman, Esq., Zelle Hofmann Voelbel & Mason LLP; and Manuel F. Cachan, Esq., Munger Tolles & Olson LLP, counsel for Defendant.

---

**INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to File a Second Amended Complaint Pursuant to Rule 15 and to Add an Additional Class Representative Pursuant to Rule 23 of the Federal Rules of Civil Procedure (Doc. No. 387) and Wells Fargo Bank, N.A.'s Motion for Reconsideration on Decertification of the Separately Managed Accounts (Doc. No. 417). For the reasons set forth below, the Court grants in part and denies in part the motion to amend and denies the motion for reconsideration.

**BACKGROUND**

This case arises from the participation of the City of Farmington Hills Employees Retirement System ("CFHERS") and other similarly situated institutional investors (together, "Plaintiffs") in Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") securities lending program ("SLP"). The factual background of this matter is laid out in detail in the Court's prior orders and is incorporated by reference herein. (*See, e.g.*, Doc. No. 386.)

On March 27, 2012, the Court granted Plaintiffs' motion for class certification with respect to the breach of fiduciary duty, breach of contract, and MCFA claims. (Doc. No. 120 at 19.) On September 17, 2013, the Court granted in part and denied in part the parties' respective motions for summary judgment, and decertified the class with respect to the ERISA Plaintiffs. (Doc. No. 386 at 32-34.) On October 11, 2013, the parties agreed to the filing of a second amended complaint. (Doc. Nos. 399 & 400.) Plaintiffs

filed their Second Amended Class Action Complaint and Jury Trial Demand ("Second Amended Complaint") the same day.  (Doc. No. 402 ("Second Am. Compl.").)

While the Second Amended Complaint includes the same six counts[1] as those asserted by CFHERS in the First Amended Complaint (Doc. No. 277 ("Am. Compl.")), the Second Amended Complaint includes two additional class representatives:  (1) the Board of Trustees of the Arizona State Carpenters Pension Trust Fund; and (2) the Arizona State Carpenters Defined Contribution Trust Fund (together, the "Arizona Plaintiffs").  (Second Am. Compl. at 1.)  All three named Plaintiffs assert their claims on behalf of themselves and the class, and the Arizona Plaintiffs also assert their claims on behalf of "all the ERISA entities that were decertified by the Court."  (Second Am. Compl. ¶ 19.)

Plaintiffs now seek to amend their complaint and to add the Arizona Plaintiffs as class representatives.  Wells Fargo also moves for reconsideration of the Court's certification of the class to include those six Plaintiffs who invested in Wells Fargo's "separately managed" accounts.

---

[1] Plaintiffs assert the following six counts against Wells Fargo:  (1) Breach of Fiduciary Duty; (2) Breach of Contract; (3) Violation of Minnesota Prevention of Consumer Fraud Act – Minn. Stat. § 325F.69 ("MCFA claim"); (4) Unlawful Trade Practices – Minn. Stat. § 325D.13 ("UTPA claim"); (5) Deceptive Trade Practices – Minn. Stat. § 325D.44 ("DTPA claim"); and (6) Civil Theft – Minn. Stat. § 604.14.  (Second Am. Compl. ¶¶ 51-89.)

**DISCUSSION**

**I.     Motion to Amend**

Plaintiffs seek leave to file a second amended complaint and to include additional class representatives. To the extent Plaintiffs have already filed their Second Amended Complaint, Defendant does not object. (Doc. No. 402 ("Second Am. Compl."); *see* Doc. No. 409 at 1 n.1 ("As filed, Plaintiffs' motion also sought permission to file a Second Amended Complaint. . . . Wells Fargo did not oppose Plaintiffs' filing of the Second Amended Complaint and that complaint has already been filed with the Court.").)[2] That is, insofar as Plaintiffs seek leave to file an amended complaint, Defendant does not oppose amendment, and the Second Amended Complaint has already been filed and docketed in this matter. In that regard, the motion is moot. At the heart of Plaintiffs' motion, however, is Plaintiffs' request to add additional class representatives and, therefore, to re-include the ERISA entities within the class. Defendant continues to oppose the appointment of additional class representatives.

In its prior order granting, in part, Defendant's motion for decertification, the Court excluded the, then, sixteen ERISA Plaintiffs from the class. (Doc. No. 386 at 32-33.) At that time, however, the Court expressed no opinion "as to whether the

---

[2]     Plaintiffs' Second Amended Complaint includes Count VI, a claim for civil theft pursuant to Minn. Stat. § 604.14. (Second Am. Compl. ¶¶ 86-89.) The Court notes, however, that it previously determined that Defendant was entitled to judgment with respect to Count VI in its order on the parties' motions for summary judgment. (Doc. No. 386 at 25-27, 34.)

ERISA Plaintiffs may be properly joined in this matter in the event Plaintiffs were to further amend their complaint or add an additional class representative." (*Id.* at 20.) Plaintiffs have now taken such action and assert that the Arizona Plaintiffs are appropriate class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Defendant disputes that the ERISA entities satisfy the numerosity requirement of Rule 23(a)(1). Defendant contends that, even if they were sufficiently numerous, "the only appropriate procedural approach would be to create a subclass of ERISA plans that participated in Wells Fargo's [SLP]." (Doc. No. 409 at 1.)

When a court considers the creation of a subclass, all four requirements of Rule 23(a) must be satisfied for the proposed subclass. *Roby v. St. Louis Sw. Ry. Co.*, 775 F.2d 959, 961 (8th Cir. 1985) ("[A]ll four requirements of Rule 23(a) must be met with respect to each subclass in the class action."). Rule 23(a)(1) requires that, in order for a class member to sue on behalf of a class (or subclass) as a representative party, the class (or subclass) must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Considerations relevant to assessing the impracticality of joinder of all class (or subclass) members "include the number and geographical dispersion of persons in the class, the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the impracticability of joining the class members." *In re Select Comfort Corp. Sec. Litig.*, 202 F.R.D. 598, 603 (D. Minn. 2001).

Counsel on both sides agree that the total number of ERISA plans at issue is now thirty.[3] (Doc. No. 403; Doc. No. 409 at 3.) While joinder of all ERISA entities in this litigation may not be entirely impossible, given the advanced stage of the proceedings, the geographical dispersion of the SLP investors, the inconvenience of separate actions, and the particular nature and facts of this case (including the participation of all ERISA and non-ERISA entities in the same SLP, and the substantial similarity of the ERISA and non-ERISA breach of fiduciary duty claims at issue), the Court finds that the ERISA entities would "suffer a strong litigational hardship or inconvenience if joinder [were] required." *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 457 (W.D. Mo. 2004). Moreover, that the ERISA SLP participants are thirty in number does not in and of itself defeat numerosity. *See Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 54 (8th Cir. 1977) ("No arbitrary rules on the size of classes have been established by the courts and the question of what constitutes impracticability depends upon the facts of each case."); *see, e.g., Ark.*

---

[3] In addition to the sixteen entities excluded from the class per the Court's September 17, 2013 Order (Doc. No. 386 at 32-33), the parties also agree that the following fourteen entities are governed by ERISA: (1) Arizona State Carpenters Defined Contribution Fund; (2) Arizona State Carpenters Pension Trust Fund; (3) Construction Industry & Laborers Health & Welfare Trust; (4) Construction Industry & Laborers Pension Trust; (5) New Mexico Electricians' Retirement Benefit Fund; (6) New Mexico Pipe Trades Health and Welfare Trust Fund; (7) New Mexico Pipe Trades Pension Fund Plan B; (8) Operating Engineers' Local 428 Defined Contribution Fund; (9) Operating Engineers' Local 428 Pension Fund; (10) Arizona Pipe Trades Defined Contribution Trust Fund; (11) Arizona Pipe Trades Pension Trust Fund; (12) Chicago Painters and Decorators Pension Plan; (13) Denver Area Meat Cutter and Employers Pension Plan; and (14) Rocky Mountain UFCW Unions & Employers Pension Plan. (Doc. No. 390, Sadler Decl. ¶ 4, Ex. A.)

*Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (twenty-member class); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 256 (S.D. Ia. 2001) (seventeen-member class).  To require joinder under these circumstances, and at this juncture, would be to elevate form over substance.[4]

In light of the relevant considerations, the Court concludes that joinder is impracticable in this class action and that the ERISA entities have satisfied the numerosity requirement of Rule 23(a)(1).  For the same reasons articulated in its prior orders, and the additional reasons below, the Court further concludes that a subclass of ERISA Plaintiffs would continue to satisfy the commonality, typicality, and adequacy of representation provisions of Rule 23.

With respect to commonality and typicality, Defendant contends that, because Sections 502(a) and 514(a) of ERISA preempt the certified state law claims, the Arizona Plaintiffs "do not possess claims for breach of contract, breach of common law fiduciary duties, or violations of the [MCFA]."  (Doc. No. 409 at 4.)  The Court acknowledges that the Arizona Plaintiffs are not appropriate class representatives for any state law claims that are preempted by ERISA.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants, the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA

---

[4] This case commenced more than three years ago, and the class claims were certified almost two years ago.  The ERISA entities received class notice, and it appears that, until the Court's September 17, 2013 Order (Doc. No. 386), the thirty ERISA investors had been involved in this litigation as members of the class.

7

remedy exclusive and is therefore pre-empted."); *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir. 2007) ("ERISA's preemptive scope is not limited to 'state laws specifically designed to affect employee benefit plans.' . . . Nor may parties avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims."). Nevertheless, the Court concludes that any differences between the claims of the ERISA entities and the certified class claims is best resolved through the creation of a subclass of ERISA Plaintiffs, whose breach of fiduciary duty claim under ERISA may be properly asserted by the Arizona Plaintiffs. *See* Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.").

Therefore, the Court appoints the Arizona Plaintiffs as class representatives for the thirty ERISA entities at issue, which will be re-included in this action; the ERISA Plaintiffs shall form a subclass of the certified class in this matter in order to assert their breach of fiduciary duty claim under ERISA. The Court concludes that amendment is futile with respect to Counts II through VI of the Second Amended Complaint insofar as the ERISA entities may seek to advance such claims. As such, the claims of the ERISA subclass in this action shall be limited to Count I: breach of fiduciary duty.

## II.     Request for Reconsideration

Also before the Court is Wells Fargo's Motion for Reconsideration on Decertification of the Separately Managed Accounts (Doc. No. 417).

Local Rule 7.1(j) requires that a party seeking permission to file a motion for reconsideration must "show compelling circumstances to obtain such permission." D. Minn. LR 7.1(j). On October 15, 2013, after having reviewed the letters of the parties, the Court granted Defendant's request for permission to file a motion for clarification and/or reconsideration. (Doc. No. 405.) The Court, however, explicitly noted that, in granting the request, "the Court [did] not concede that Defendant ha[d] shown compelling circumstances sufficient to justify a motion for reconsideration." (*Id.*)

In its motion, Defendant challenges the Court's certification of the class for the third time. While Defendant directs its request for reconsideration at the six "separately managed" accounts,[5] Defendant once again alleges that evidence related to the Business Trust is entirely irrelevant to those six class members, who did not invest in the Business Trust.

As the Court previously concluded in its class certification order, each of the certified claims in this case "can be proven on a class-wide basis through the use of generalized evidence." (*See generally* Doc. No. 120.) While Defendant concedes that the claims brought by the separately managed account investors "are subject to *some* common proof—principally the 'prime considerations' language of the Securities

---

[5]  Defendant seeks to exclude the following six entities from the class: (1) D.B. Reinhart Marital Trust (including the Gateway Development Trust, Marjorie A. Reinhart 2001 Trust, and Marjorie A. Reinhart Revocable Trust); (2) Sirius Finance, LLC; (3) Thomas H. Bailey; (4) the Wells Fargo Advantage Funds; (5) the Wells Fargo Collective Funds; and (6) the Wells Fargo Diversified Investment Funds for Personal Trust. (Doc. No. 417 at 2; Doc. No. 419 at 5 n.2.)

Lending Agreements [SLAs]," Defendant maintains that "claims against Wells Fargo related to investments in the Business Trust" are supported by additional evidence that "is inapplicable to claims by the six separately managed account class members." (Doc. No. 419 at 7-8.) To the extent Defendant challenges the introduction of evidence at trial pertaining to the Business Trust, including the Declaration of Trust, or arguments related thereto, with respect to the separately managed accounts, such challenges are premature at this time. Importantly, Defendant acknowledges that the SLAs for both the Business Trust and separately managed accounts contain the same "prime considerations language" (safety of principal and liquidity requirements) and admits that "some common proof" exists for the claims of all class members. The Court will not speculate as to how Plaintiffs will prove up their case at this time. Any evidentiary challenges related to the trial of this matter are more properly raised as motions in *limine*, and the Court reserves the right to limit the scope of argument and testimony as it sees fit at a later date. To the extent Defendant's challenge goes to the adequacy of class counsel in its representation of both Business Trust and non-Business Trust investors as part of this class action, any perceived conflict is speculative at best. At its core, this case presents a challenge to the administration of Wells Fargo's SLP as a whole; Plaintiffs' central dispute is that Wells Fargo failed to adhere to the safety of principal and liquidity requirements of the substantially similar SLAs that governed Wells Fargo's relationships with each of the class member investors. (*See, e.g.,* Second Am. Compl. ¶¶ 5, 12, 13, 62.) Defendant has

not demonstrated that the six separately managed, non-Business Trust investors must be excluded from the class.

Having fully considered the submissions of the parties and arguments of counsel, the Court concludes that Defendant has failed to demonstrate compelling circumstances sufficient to justify modification of this Court's previous orders. The Court thus denies Defendant's motion for reconsideration.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to File a Second Amended Complaint Pursuant to Rule 15 and to Add an Additional Class Representative Pursuant to Rule 23 of the Federal Rules of Civil Procedure (Doc. No. [387]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Court hereby **CERTIFIES** a **SUBCLASS** of the ERISA plans that participated in Wells Fargo's securities lending program. The following entities shall be included in the subclass: (1) Twin City Hospital Workers Pension Fund; (2) The Schwan Food Company Retirement Savings Plan; (3) Longview Fibre Company; (4) ABC Retirement Plan for Cooperatives; (5) Alliant Energy Master Retirement Trust Plan; (6) Bemis Company, Inc. Master Pension Trust; (7) ITT Corporation – Employee Benefits Trust; (8) ITT Corporation – ISP for Salaried Employees; (9) Les

11

Schwab Profit Sharing Retirement Trust; (10) MDU Resources Group Inc. Master Trust; (11) Omaha Construction Industry Plans; (12) Presbyterian Healthcare Services; (13) Presbyterian Healthcare Services Employees Pension Plan; (14) Smithfield Foods, Inc. Master Trust; (15) Arizona Laborers Teamsters Local 395 – Pension Trust Fund; (16) Arizona Laborers Teamsters Local 395 – Defined Contribution Fund; (17) Arizona State Carpenters Defined Contribution Fund; (18) Arizona State Carpenters Pension Trust Fund; (19) Construction Industry & Laborers Health & Welfare Trust; (20) Construction Industry & Laborers Pension Trust; (21) New Mexico Electricians' Retirement Benefit Fund; (22) New Mexico Pipe Trades Health and Welfare Trust Fund; (23) New Mexico Pipe Trades Pension Fund Plan B; (24) Operating Engineers' Local 428 Defined Contribution Fund; (25) Operating Engineers' Local 428 Pension Fund; (26) Arizona Pipe Trades Defined Contribution Trust Fund; (27) Arizona Pipe Trades Pension Trust Fund; (28) Chicago Painters and Decorators Pension Plan; (29) Denver Area Meat Cutter and Employers Pension Plan; and (30) Rocky Mountain UFCW Unions & Employers Pension Plan.

  b.  The following entities are hereby **APPOINTED REPRESENTATIVES** of the ERISA subclass: (1) The Board of Trustees of the Arizona State Carpenters Pension Trust Fund; and (2) The Arizona State Carpenters Defined Contribution Trust Fund.

   c. The claims of the ERISA subclass in this action shall be limited to Count I of the Second Amended Complaint (Doc. No. [402]): Breach of Fiduciary Duty.

 2. Wells Fargo Bank, N.A.'s Motion for Reconsideration on Decertification of the Separately Managed Accounts (Doc. No. [417]) is **DENIED**.

Dated:  January 14, 2014     s/Donovan W. Frank
               DONOVAN W. FRANK
               United States District Judge