**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

The City of Farmington Hills Employees                Civil No. 10-4372 (DWF/JJG)
Retirement System and The Board of
Trustees of the Arizona State Carpenters
Pension Trust Fund and The Arizona State
Carpenters Defined Contribution Trust
Fund, Individually and on Behalf of All
Others Similarly Situated,

        Plaintiffs,

v.                                                                            **ORDER**

Wells Fargo Bank, N.A.,

        Defendant.

_____

David M. Cialkowski, Esq., Carolyn G. Anderson, Esq., June Pineda Hoidal, Esq., and
Brian C. Gudmundson, Esq., Zimmerman Reed, P.L.L.P.; Peter A. Binkow, Esq., Kara
M. Wolke, Esq., Kevin Ruf, Esq., Leanne E. Heine, Esq., Casey E. Sadler, Esq.,
Elizabeth M. Gonsiovowski, Esq., Jill Duerler, Esq., and Robin Bronzaft Howald, Esq.,
Glancy Binkow & Goldberg LLP; Thomas C. Michaud, Esq., Vanoverbeke, Michaud &
Timmony P.C.; Avraham N. Wagner, Esq., The Wagner Firm; and Christopher D. Kaye,
Esq., E. Powell Miller, Esq., Jayson E. Blake, Esq., and Sharon S. Almonrode, Esq., The
Miller Law Firm, P.C., counsel for Plaintiffs.

Bart H. Williams, Esq., Elizabeth V. Kniffen, Esq., Erin J. Cox, Esq., and Manuel F.
Cachan, Esq., Munger Tolles & Olson LLP; John N. Sellner, Esq., Justin H. Jenkins,
Esq., Brooks F. Poley, Esq., and William A. McNab, Esq., Winthrop & Weinstine, PA;
and Lawrence T. Hoffman, Esq., Richard M. Hagstrom, Esq., Rory D. Zamansky, Esq.,
Lindsey A. Davis, Esq., Daniel J. Millea, Esq., Michael R. Cashman, Esq., Zelle
Hofmann Voelbel & Mason LLP, counsel for Defendant.

_____

This matter came before the Court for pretrial hearings on March 18, 2014 and

March 19, 2014.  Consistent with, and in addition to the Court's remarks from the bench,

and based upon the memoranda, pleadings, and arguments of counsel, and the Court

having reviewed the contents of the file in this matter and being otherwise duly advised

in the premises, the Court hereby enters the following:

### ORDER

1.       Plaintiff's Motion *in Limine* No. 1 to Exclude Evidence of

Non-Wells Fargo Securities Lending Programs (Doc. No. [457]) is **GRANTED** as

follows:

      a.       The Court concludes that such evidence is presumptively

inadmissible pursuant to Article 4 as well as Rule 104 of the Federal Rules

of Evidence on foundational grounds.  Moreover, consistent with the

Court's ruling in *Blue Cross & Blue Shield of Minn. v. Wells Fargo Bank,*

*N.A.*, Doc. No. 485 at 4 (D. Minn. June 14, 2013), the Court finds

specifically that the evidence of Non-Wells Fargo securities lending

programs does not survive a Rule 403 analysis.

      b.       Absent further order of the Court, the Court concludes that

such evidence has no direct or probative relationship to Wells Fargo's

Securities Lending Program ("SLP").

2.      Plaintiff's Motion *in Limine* No. 2 to Exclude Evidence of Wells Fargo's

Irrelevant Attacks on its Own Customers (Doc. No. [464]) is **GRANTED IN PART** and

**DENIED IN PART** as follows:

a.      Wells Fargo's "attacks" on its customers shall be prohibited.

The Court makes this decision based upon Article 4 including Rule 403.

The evidence does not survive a Rule 403 analysis with one exception

below.

b.      To the extent proper foundation is laid and the offered

testimony goes to the limited issue of Plaintiffs' sophistication as it relates

to Wells Fargo's duty to disclose material facts and information, it shall be

presumptively admissible for that limited purpose.

3.      Plaintiff's Motion *in Limine* No. 3 to Exclude Evidence of Plaintiffs'

Investments Outside the Wells Fargo's SLP (Doc. No. [469]) is **GRANTED** as follows:

a.      The Court concludes that such evidence is presumptively

inadmissible pursuant to its Article 4 analysis.

b.      Absent further order of the Court, the Court concludes that

such evidence has no direct or probative relationship to Wells Fargo's SLP.

Moreover, the ruling of the Court is consistent with the ruling the

Court made in *Blue Cross & Blue Shield v. Wells Fargo*, Doc. No. 485 at 2,

and, for the same reasons enunciated in that case, the Court finds that the

issues raised by Plaintiffs and Defendant in this motion are not factually or

legally distinguishable from the issues presented in *Blue Cross* on this subject.

4.      Plaintiff's Motion *in Limine* No. 4 to Exclude Comparisons Between the Performance of the SLP and the Performance of the Equity Markets (Doc. No. [474]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      On the record before the Court, and assuming proper foundation is laid, subject to objections during trial, the Court finds that testimony with respect to the generalized condition of the "financial markets" necessarily includes the "equity" or stock markets and survives an Article 4 analysis, including the Court's Rule 403 analysis.  To that extent, such testimony shall be presumptively admissible.

b.      However, to the extent the primary purpose of the utilization of such evidence by the Defendant is to suggest that they are the same type of investment with the same investment guidelines, such comparisons shall be presumptively inadmissible.  Such comparisons do not survive the Court's Article 4 analysis, absent further order of this Court.  The Court, however, reserves the right to revisit this issue at trial, outside the presence of the jury.

5.      Plaintiff's Motion *in Limine* No. 5 to Exclude Evidence Relating to the Investigation of, and Subsequent Criminal Charges Filed Against, Former Credit Suisse

Employees, Including the Business Partner of Plaintiffs' Expert, Fiachra O'Driscoll (Doc.

No. [482]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     Evidence regarding Fiachra O'Driscoll's experience with

SIVs, portfolio management, and the market conditions of 2007 and 2008 is

presumptively admissible pursuant to the Court's Article 4 analysis.

      b.     The following evidence will be presumptively inadmissible

pursuant to the Court's Article 4 analysis:

      (i)     Evidence relating to the SEC investigation.

      (ii)     Evidence relating to subsequent criminal

charges filed against former Credit Suisse employees,

including the business partner of Plaintiffs' expert, Fiachra

O'Driscoll.

      (iii)     Evidence relating to specific allegations of

conspiracy against former Credit Suisse employees, including

Kareem Serageldim.

      Absent further order of the Court or an additional offer of proof

pursuant to Rule 104, the Court concludes that such evidence does not

survive a Rule 403 analysis except to the extent that the Court allows

evidence relating to the financial condition of Credit Suisse as set forth in

Plaintiffs' Motion *in Limine* No. 6 and Fiachra O'Driscoll's knowledge of

that financial condition.

6.      Plaintiff's Motion *in Limine* No. 6 to Exclude Evidence Relating to Losses Suffered by Credit Suisse and Fiachra O'Driscoll's Termination of Employment from Credit Suisse (Doc. No. [489]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Evidence relating to losses suffered by Credit Suisse shall be presumptively inadmissible.  However, to the extent that Defendant claims that Plaintiffs have "opened the door" through the testimony of Fiachra O'Driscoll on issues related to losses suffered by Credit Suisse, the Court reserves the right to revisit this issue at trial, outside the presence of the jury.  The parties are precluded from referencing the Securities Exchange Commission investigation and the assertions of a conspiracy or criminal convictions of Credit Suisse employees as such testimony does not survive the Court's Rule 403 analysis.

b.      Evidence relating to the circumstances under which Fiachra O'Driscoll's employment ended with Credit Suisse shall be presumptively admissible.  This decision of the Court is made pursuant to Articles 4 and 7, with the same limitation that, absent further ruling of the Court, references to criminal charges, a conspiracy, or the Securities Exchange Commission investigation, shall be presumptively inadmissible.  Those topics, as noted in Plaintiffs' Motion *in Limine* No. 5, do not survive the Court's Rule 403 analysis.

7.      Plaintiff's Motion *in Limine* No. 7 to Exclude Irrelevant Attacks on

Plaintiffs' Expert, Bernard Black, Relating to Black's Work with Kookmin Bank (Doc.

No. [502]) is **GRANTED** based upon the stipulation of the parties (Doc. No. 612).  The

parties appear to have reached an agreement at the pretrial hearing on this issue.  The

Plaintiffs stated to the Court that Defendant does not oppose the relief requested in

Plaintiffs' motion.

8.      Plaintiff's Motion *in Limine* No. 8 to Exclude Argument that Declaration of

Trust Alters Fiduciary Duties (Doc. No. [510]) is **GRANTED IN PART** and **DENIED**

**IN PART** as follows:

a.      Evidence as to the interpretation and intent of the Declaration

of Trust shall be presumptively admissible on the issue of the contractual

rights of the parties and whether a breach of contract occurred as it relates

to Business Trust class members.  This ruling of the Court is made pursuant

to the Court's Article 4 analysis of the case.  The Court will reserve the

right to entertain motions relating to limiting instructions to the jury with

respect to the applicability of the Declaration of Trust to Business Trust

class members.[1]

---

[1]      *See also* Court's ruling relating to Defendant's Motion *in Limine* No. 1.

b.      The scope, the nature, and the extent of Wells Fargo's

fiduciary responsibilities, and whether they were breached, are issues of

fact for the jury, as is the nature of the fiduciary relationship itself.

c.      However, the existence of a fiduciary duty is a question of

law for the Court to decide.  Consequently, absent further order of the

Court, the parties are prohibited from arguing during opening statements or

presenting testimony that the Declaration of Trust eliminated, limited, or

otherwise modified Defendant's fiduciary duties and responsibilities as an

agent and trustee for the Plaintiffs.

9.      Plaintiff's Motion *in Limine* No. 9 to Preclude Argument that the

Declaration of Trust Limits Plaintiffs' Recovery to Trust Assets (Doc. No. [524]) is

**GRANTED** pursuant to the stipulation of the parties.  The Court entered an order

pursuant to that stipulation on March 20, 2014 (Doc. No. 616).

Further, the Court, noting the Defendant's objection, **GRANTS** Plaintiffs' motion

to redact paragraph 4.6(b).  This decision is made pursuant to Article 4.

10.     Plaintiff's Motion *in Limine* No. 10 to Exclude Evidence or Testimony

Relating to Any Individual Plaintiff's Understanding of Legal Theories and Contentions

of Which They Have No Personal Knowledge (Doc. No. [535]) is **GRANTED IN PART**

and **DENIED IN PART** as follows:

a.      To the extent that the form of the question calls for an answer

relating to "any individual plaintiff's understanding of the legal theories

and contentions of which they have no personal knowledge," Plaintiffs'

motion is **GRANTED**.  Such evidence, absent further order of the Court

and an offer of proof pursuant to Rule 104, shall be presumptively

inadmissible.  This decision of the Court is made pursuant to Rule 104 on

foundational grounds, as well as Article 4.

      b.     However, to the extent that the form of the question addresses

the issue of the Plaintiffs' understanding of their respective obligations

imposed by governing contracts, subject to proper foundation being laid

pursuant to Rule 104 and Rule 701, such inquiries shall be presumptively

admissible.

      The Court will entertain objections at the time of the testimony at

trial from both parties.

11.     Plaintiff's Motion *in Limine* No. 11 to Preclude Argument on Adequacy of

Class Representative Under Rule 23(a) or Predominance Under Rule 23(b) (Doc.

No. [542]) is **GRANTED** as follows:

      a.     Absent further order of the Court, evidence relating to the

adequacy of the Class Representative or the issue of predominance shall be

presumptively inadmissible.  This decision of the Court is made pursuant to

Rule 104 and Article 4.

      The Court will entertain any objections and will rule on those

objections at trial if there are fact issues related to the Class Representative

9

or class members.  However, Rule 23 issues, including those of a Class

Representative or predominance are issues of law for the Court, not the

jury.

12.      Wells Fargo Bank, N.A.'s Motion *in Limine* No. 1 to Exclude

Non-Common Evidence Which is Irrelevant to a Finding of Classwide Liability, Unduly

Prejudicial Under F.R.E. 403, and Constitutes Impermissible Propensity Evidence Under

F.R.E. 404 as Applied to the Separately Managed Account Class Members (Doc.

No. [460]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      On the record before the Court, and assuming proper

foundation is laid, subject to objections during the trial, the Court finds that

testimony relating to Declaration of Trust and Business Trust specific

evidence shall be presumptively admissible.  This evidence survives an

Article 4 analysis, including the Court's Rule 403 analysis.  Such testimony

shall be presumptively admissible to the extent that it is being admitted for

one of the following:

(i)      Corporate state of mind;

(ii)      As circumstantially relevant to safety of

principal and liquidity; or

(iii)      As probative of SLP procedures or lack of any

procedures, including the presence or absence of procedures

relating to the recalculation of the NAV.

b.       However, to the extent the primary purpose of the admission

of such evidence by the Plaintiffs is to suggest a propensity on the part of

the Defendant to behave in a certain manner, such evidence offered for that

purpose shall be presumptively inadmissible.  This decision of the Court is

based upon the Court's Article 4 analysis, including not only Rule 403, but

Rule 404.  Rule 404 applies in the context of the probative value, if any, of

such evidence to the separately managed account class members.

The Court expects that it will have to take some of these issues up on

an exhibit-by-exhibit basis or analysis subject to Rule 104 offers of proof.

The Court will reserve the right to entertain motions relating to limiting

instructions to the jury regarding the purpose for which the evidence is

received and the applicability of the evidence to either the Declaration of

Trust or the Business Trust class members vis-à-vis separately managed

account class members.

13.      Wells Fargo Bank, N.A.'s Motion *in Limine* No. 2 to Preclude Plaintiffs

from Arguing or Introducing Evidence that Wells Fargo "Sued Itself" (Doc. No. [477]) is

**GRANTED** as follows:

a.       Absent further order of the Court or an additional offer of

proof pursuant to Rule 104, the Court concludes such evidence does not

survive a Rule 403 analysis except to the extent that the Court will allow

the parties or the Court to inquire at voir dire as to whether any of the

potential jurors are employed by, familiar with, or have any interest in any

of the five entities set forth in Plaintiffs' motion.  The five entities are:  (1)

Wells Fargo Advantage Funds; (2) Wells Fargo Diversified Investment

Funds for Personal Trusts; (3) Wells Fargo Collective Fund; (4) the Wells

Fargo Foundation, Sirius Finance, LLC; and (5) and Montgomery U.S.

Core Fixed Income Fund.  In all other respects, Defendant's motion is

**GRANTED**, absent further order of this Court.

14.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 3 to Exclude Testimony

from Plaintiffs' Expert Bernard Black on (1) Legal Matters and (2) State of Mind, Intent

and Motive (Doc. No. [481]) is **GRANTED IN PART** and **DENIED IN PART** as

follows:

a.     The motion is **GRANTED** to the extent Professor Bernard

Black intends to give legal conclusions and render opinions regarding state

of mind, motive, or intent.  Such testimony is presumptively inadmissible.

b.     To the extent the motion seeks to otherwise exclude Professor

Bernard Black's testimony, the motion is **DENIED WITHOUT**

**PREJUDICE** to the parties making any appropriate trial objections.  This

decision of the Court assumes that the evidence will be offered after a

proper foundation has been established pursuant to Rule 104 and that the

evidence offered will be within the evidentiary parameters of Article 4, and

Article 7, including Rule 703 and Rule 704.  The Court will entertain

objections at the time of testimony at trial.

15.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 4 to Preclude Plaintiffs'

Expert Bernard Black from Providing a Factual Narrative of Record Evidence (Doc.

No. [490]) is **DENIED WITHOUT PREJUDICE** as follows:

    a.      The motion is **DENIED WITHOUT PREJUDICE** as

premature.  However, to the extent that Plaintiffs' expert Professor Bernard

Black's testimony is an overview or narrative that is outside of the

evidentiary parameters of Rule 102, Article 4, and Article 7, including Rule

703, the Court will entertain objections at the time of the testimony at trial.

16.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 5 to Preclude

Plaintiffs from Using Prejudicial Phrases like "Ponzi Scheme" or "*Enron*" (Doc.

No. [497]) is **GRANTED** as follows:

    a.      The parties shall not use phrases such as "Ponzi Scheme,"

"*Enron*," or "*Petters*."  Such descriptions shall be presumptively

inadmissible.

    b.      Absent further order of the Court, Plaintiffs, through any

witness, including Plaintiff's expert Professor Bernard Black, are prohibited

from making any comparisons between the case before the Court and

Professor Bernard Black's involvement in the *Enron* case.  Such a

comparison does not survive the Court's Rule 403 analysis.  However, for

the limited purpose of the Plaintiffs establishing the prior experience of

Professor Bernard Black, the fact that he worked on the *Enron* case or was

involved in the case will be presumptively admissible for that limited

purpose.

      c.     The Court reserves the right to revisit the issue at trial,

outside the presence of the jury, if either party asserts the other has "opened

the door."

17.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 6 to Preclude Plaintiffs

from Introducing, Displaying, or Referencing During Trial News Articles Written in

Hindsight (Doc. No. [503]) is **GRANTED IN PART** and **DENIED IN PART** as

follows:

      a.     The Court prohibits the parties from introducing, displaying,

or referencing the news articles at issue during opening statements.

      b.     The Court reserves the right to revisit the issue of the

admissibility of news articles at trial, outside the presence of the jury.

18.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 7 to Exclude References

or Testimony Relating to Wells Fargo's Role in the Subprime Mortgage Lending

Business (Doc. No. [514]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     The Court concludes that evidence of Wells Fargo's asserted

role in the subprime mortgage lending business or so-called crisis shall be

presumptively inadmissible pursuant to the Court's Article 4 analysis,

including Rule 403.

      b.      Plaintiffs are also prohibited from asserting that Wells Fargo

caused or contributed to the subprime crisis.

      c.      However, to the extent the primary purpose of Plaintiffs'

proffered evidence is to address issues of Wells Fargo's knowledge and

notice of the so-called crisis, as well as the nature of Wells Fargo's business

at relevant times, such evidence is presumptively admissible. This

testimony survives the Court's Article 4 analysis.

19.      Wells Fargo Bank, N.A.'s Motion *in Limine* No. 8 to Exclude References

or Testimony that Wells Fargo Bank, N.A. Served as an Originator or Servicer of

Mortgages Underlying Securities Purchased by Cheyne and Victoria (Doc. No. [515]) is

**GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      Evidence relating to Wells Fargo Bank as an originator or

servicer of mortgages underlying securities purchased by Cheyenne and

Victoria shall be presumptively admissible, based upon the Court's

Article 4 analysis and assuming proper foundation is laid.

      b.      Plaintiffs are prohibited, however, from asserting that Wells Fargo's

role as an originator or servicer of mortgages caused or contributed to the

subprime crisis as described above.

20.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 9 to Exclude Evidence of

the Securities and Exchange Commission's Consent Order With Wells Fargo Brokerage

Services (Doc. No. [529]) is **GRANTED** as follows:

      a.     The SEC Consent Order shall be presumptively inadmissible

pursuant to the Court's Article 4 analysis, including Rule 403.

      b.     The Court reserves the right to revisit the issue at trial,

outside the presence of the jury, if either party asserts that the other has

"opened the door."

21.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 10 to Exclude Gratuitous

References or Testimony Relating to the Named Plaintiffs' or any Class Member's

Pension, Retirement, Charitable and Non-Profit Statuses, Missions, or Purposes (Doc.

No. [526]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     To the extent that testimony regarding Plaintiffs' charitable

and nonprofit status is descriptive of any Plaintiff entity, such evidence

shall be presumptively admissible, subject to any trial objections the

defense may have.  Such testimony survives the Court's Article 4 analysis.

      b.     However, absent further order of the Court, Plaintiffs shall be

prohibited from discussing the alleged effect of the SLP losses on the

operations of their entities, including any effect on the specific endowments

for charitable purposes.

22.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 11 to Exclude Evidence of Wells Fargo's Capital Support Agreements with Wells Fargo Advantage Mutual Funds and Short Term Investment Funds (Doc. No. [530]) is **DENIED** as follows:

a.      Evidence of the Capital Support Agreements with Wells Fargo Advantage Mutual Funds and Short Term Investment Funds shall be presumptively admissible, assuming that proper foundation is laid. Such evidence survives the Court's Article 4 analysis, including Rule 403.

b.      However, the motion is **DENIED WITHOUT PREJUDICE** to the parties making any appropriate trial objections.

23.     Wells Fargo Bank, N.A.'s Motion *in Limine* No. 12 to Exclude Evidence Relating to Public Safety of Arizona and Alleged Misapplication of Accounting and Valuation Policies for Entities Exiting from the Securities Lending Program (Doc. No. [551]) is **DENIED** as follows:

a.      Assuming that proper foundation is laid, this evidence survives the Court's Article 4 analysis. Such evidence shall be presumptively admissible.

b.      The Court finds and concludes that such evidence, subject to any trial objections that Wells Fargo may make, is relevant to the scope, nature, and extent of Wells Fargo's fiduciary duties and whether they were breached.

**Opening Statements**

      24.     Plaintiffs and Wells Fargo shall each be allotted 90 minutes for opening statements.

Dated:  April 3, 2014                      s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge