# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| THE CITY OF FARMINGTON HILLS EMPLOYEES RETIREMENT SYSTEM AND THE BOARD OF TRUSTEES OF THE ARIZONA STATE CARPENTERS PENSION TRUST FUND AND THE ARIZONA STATE CARPENTERS DEFINED CONTRIBUTION TRUST FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Court File No. 0:10-cv-04372-DWF-JJG<br><br>**WELLS FARGO BANK, N.A.'S AMENDED MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**INTRODUCTION**

Wells Fargo Bank, N.A. submits this short Memorandum to address a single aspect of the parties' Settlement Agreement to avoid any potential for confusion.

The Court will note that the Settlement Agreement, at paragraphs 32-39, discusses the process under which the 13 Class Members that are still participating in Wells Fargo's limited Securities Lending Program will exit the Program after Final Approval. Those provisions merely summarize the exit process as it relates to Class Members. However, all remaining participants – whether Class Members or not and regardless of whether the Settlement Agreement is ultimately approved – will be exiting the Program in 2015 as the Program is wound down. That cessation is the culmination of a process that began in 2011 with the transfer of some participants to CitiBank and the continuation of a limited Wells Fargo Program for a temporary period.

The Settlement Agreement's framework for the exits of the 13 Class Members still in the Wells Fargo Program does not impose any additional requirements on Class Members that would not otherwise exist. The only additional exit factor introduced by the Settlement Agreement is the use of allocated settlement funds to offset the cash contribution required at exit, a benefit not available to non-Class Members. This aspect of the Settlement Agreement, like all components of the Settlement, has been explicitly agreed to by the Class Representatives and Class Counsel.

**FACTUAL BACKGROUND AND DISCUSSION**

The Securities Lending Agreements for the 13 Class Members who remain in the Wells Fargo Securities Lending Program contain a "Termination" provision giving Wells

Fargo the right to terminate the Agreement at Wells Fargo's election. Exs. 1-13[1]. The "Termination" provision for the Arizona State Carpenters Defined Contribution Trust Fund, a Named Plaintiff and Class Representative, for example, states as follows:

> This Agreement may be terminated *at any time by either Participant or the Bank upon 60 days written notice to the other*. Upon delivery of such notice and upon mutual agreement either party may waive all or part of the Notice period and the Bank will terminate loans from Participants Account in accordance with Borrower Security Loan Agreements.

Ex. 1 at ¶ 9 (emphasis added). The "Termination" provisions for the 13 Class Members remaining in the Program are identical (except that the Goose Creek and ABC Retirement Securities Lending Agreements do not require 60 days' notice of the termination). Exs. 1 through 13 ¶ 9.

Upon Wells Fargo's sale of its securities lending business to CitiBank, all then current Program participants (including any Class Members still participating in the Program at that time) were informed by Wells Fargo – in August 2011 – that the remaining Wells Fargo Program was of limited duration. Ex. 14. Wells Fargo provided each participant three options: 1) transfer its securities lending participation to CitiBank; 2) exit the Wells Fargo Securities Lending Program; or 3) continue in Wells Fargo's limited and temporary Securities Lending Program. *Id.* at MARCO_0013758.

In describing the third option, Wells Fargo explained that it expected the "program will remain in place for at least the first half of 2012; however, it is Wells Fargo's intent to eventually end this limited program." *Id.* Wells Fargo further advised participants that

---

[1] Citations to "Ex." are to exhibits to the Declaration of Dan Millea submitted with this Memorandum.

2

"the choice to remain in this Wells Fargo program while it is available may require clients to realize and/or fund previously realized collateral investment losses when it is eventually terminated." *Id.*

Wells Fargo plans to terminate the Program in 2015. Millea Decl. ¶ 2. Regardless of the Settlement Agreement, Wells Fargo will be providing notice to all remaining participants (including Class Members) that the Program will be terminated pursuant to the termination provisions in the participants' respective Securities Lending Agreements. *Id.* All participants currently in Wells Fargo's program (including Class Members) will be required to exit and all participants with a collateral deficiency will be required to cover that amount upon exit. *Id.* The only difference created by the Settlement Agreement is that the 13 Class Members currently in the Program will receive a credit to offset the sum they are otherwise required to pay at exit.

These issues were discussed by the parties during the settlement negotiations. The Class Representatives and Class Counsel were informed of the imminent termination of the Wells Fargo Program and the parties then agreed to include the exit procedures in the Settlement Agreement, reflecting how the exit process would be implemented for Class Members.

## **CONCLUSION**

For the reasons set forth here and in Class Counsel's moving papers, Wells Fargo respectfully requests that the Court grant Preliminary Approval and enter an Order substantially in the form of Exhibit A attached to the Settlement Agreement filed as part of the Declaration of Peter Binkow.

Dated: May 29, 2014

s/Dan Millea
Dan Millea (MN State Bar #245963)
Rory Zamansky (MN State Bar #0330620)
Lindsey A. Davis (MN State Bar #0332148)
**ZELLE HOFMANN VOELBEL & MASON LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
dmillea@zelle.com; rzamansky@zelle.com;
ldavis@zelle.com
Phone: (612) 339-2020
Fax: (612) 336-9100

-and-

**MUNGER TOLLES & OLSON LLP**
Bart H. Williams (admitted *pro hac vice*)
Manuel F. Cachán (admitted *pro hac vice*)
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
Bart.williams@mto.com
Manuel.cachan@mto.com
Phone (213) 683-9100

**ATTORNEYS FOR WELLS FARGO BANK, N.A.**