UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE CITY OF FARMINGTON HILLS EMPLOYEES RETIREMENT SYSTEM AND THE BOARD OF TRUSTEES OF THE ARIZONA STATE CARPENTERS PENSION TRUST FUND AND THE ARIZONA STATE CARPENTERS DEFINED CONTRIBUTION TRUST FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil No. 10-4372 (DWF/JJG)<br><br><br><br>O**RDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT** |

WHEREAS, this Action involves a class action lawsuit brought by Named Plaintiffs The City of Farmington Hills Employees Retirement System, The Board Of Trustees Of The Arizona State Carpenters Pension Trust Fund And The Arizona State Carpenters Defined Contribution Trust Fund (collectively, the "Named Plaintiffs") on behalf of themselves, and as representatives of their respective class/subclass (the "Class") against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively the "Settling Parties");

WHEREAS, on or about April 12, 2014, Named Plaintiffs for themselves and as class/subclass representatives on behalf of their respective class/subclass (the Class Members) and Wells Fargo reached a preliminary agreement to settle the claims in the Action;

WHEREAS, the Settling Parties executed a Settlement Agreement[1] on May 28, 2014;

WHEREAS, the Settlement Agreement, together with the exhibits thereto, set forth the terms and conditions for the proposed settlement of the claims alleged in Plaintiffs' Second Amended Class Action Complaint (the "Complaint") on the merits and with prejudice as against Wells Fargo; and

WHEREAS, the Named Plaintiffs have presented the Settlement of the Action to the Court for Preliminary Approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure, in accordance with the Settlement Agreement.

Now, pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval (Doc. No. [653]), the Court has preliminarily considered the Settlement Agreement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Class and held a hearing on same on June 5, 2014.  Upon reviewing the Settlement Agreement, the Joint Motion for Preliminary Approval, Approving the Form and Manner of Notice, and Setting Final Approval Hearing Date, and the supporting memoranda of law, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows**:**

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to after the vast majority of the case had been litigated and trial was less than two days away, and only after Plaintiffs' Counsel had conducted extensive legal research and fact and expert discovery regarding the strengths and weaknesses of Named Plaintiffs' and the Class' claims; (iii) Plaintiffs' Counsel have concluded that the proposed Settlement is fair, reasonable and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Class. Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that the members of the Class, whose claims would be settled, compromised, dismissed and/or released pursuant to the Settlement, should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

3. Class Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

4. The Court appoints Garden City Group as Settlement Administrator to supervise and administer the Notice. The Settling Parties and their counsel shall not be liable for any act or omission of the Settlement Administrator.

5. The Court appoints Wells Fargo Bank, N.A. and Glancy Binkow & Goldberg LLP as Joint Escrow Agents of the Settlement Escrow Account. The Joint Escrow Agents are authorized and directed to act in accordance with the Settlement Agreement and any Order of this Court.

6. The Court preliminarily approves: the Settlement of the Action as set forth in the Settlement Agreement and the Notice, subject to the right of any member of the Class to challenge the fairness, reasonableness and adequacy of the Settlement, Settlement Agreement or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Settlement Agreement should not be ordered herein after adequate notice to the Class has been given in conformity with this Order.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Final Approval Hearing") shall be held on August 14, 2014, at 9:00 a.m., the Honorable Donovan W. Frank presiding, in the United States District Court for the District of Minnesota, Courtroom 7C, Warren E. Burger Federal Building and United States Courthouse, St. Paul, Minnesota 55101, to:

    a.    determine whether the Settlement should be approved by the Court as fair, reasonable and adequate, and in the best interests of the Class;

    b.    determine whether the notice method utilized by the Settling Parties: (i) constituted the best practicable notice; (ii) constituted notice reasonably calculated, under the circumstances, to apprise members of the

Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

      c.     determine whether the Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action against Wells Fargo with prejudice, extinguishing and releasing all Settled Claims as set forth in the Settlement Agreement and barring claims as set forth in and subject to the Settlement Agreement;

      d.     determine whether the Class preliminarily certified for purposes of effectuating the Settlement should be finally certified pursuant to Rules 23(a) & (b)(3) of the Federal Rules of Civil Procedure;

      e.     determine whether to approve the Plan of Allocation;

      f.     determine whether the applications for attorney fees, Litigation Expenses and Service Awards to the Named Plaintiffs are fair and reasonable and should be approved; and

      g.     rule on such other matters as the Court may deem appropriate.

8. The Court reserves the right to adjourn the Final Approval Hearing or any aspect thereof, including the consideration for the application for attorney fees and reimbursement of expenses, without further notice to the Class.

9. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing without further notice to the Class.

10. Named Plaintiffs and Wells Fargo have presented to the Court a proposed form of Notice, appended to the Settlement Agreement as Exhibit B.  The Court finds that such Notice fairly and adequately:  (a) describes the terms and effect of the Settlement and the Plan of Allocation; (b) notifies the Class of the amounts that Plaintiffs' Counsel will seek in attorney fees and Litigation Expenses, and the amounts requested in Service Awards for each of the Named Plaintiffs for their service in such capacity, all to be paid from the Gross Settlement Fund; (c) gives notice to the Class of the time and place of the Final Approval Hearing; and (d) describes how Class Members may object to all or any aspect of the Settlement.

11. Named Plaintiffs have proposed the following manner of communicating the Notice to members of the Class:

   a. By no later than seven (7) calendar days after the date of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be (i) provided by first-class mail, postage prepaid, to the last known address of each member of the Class consistent with the method of notice to class members

following certification of the Class in April 2012 and (ii) placed on the dedicated website for this Action; and

      b.     The Parties shall reasonably cooperate with one another to accomplish the requirements of this paragraph 11, as provided in the Settlement Agreement. The costs and expenses of preparing and disseminating the Notice shall be paid from the Gross Settlement Fund, as provided in the Settlement Agreement.

12.    The form and method of Notice specified herein is the best notice practicable, shall constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

13.    Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement, to the Plan of Allocation, to the proposed award of attorney fees and expenses, or to the request for Service Awards for the Named Plaintiffs, may file an objection. An objector must file with the Court and serve upon counsel listed below: (i) a written notice containing the person or entity's name, address, telephone number and signature; (ii) a statement of such person or entity's objection(s) to any matters before the Court; and (iii) specifying the ground(s) or reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. Such filings shall be served on the Court and counsel as follows:

**To The Court:**
Clerk of the Court
United States District Court for the District of Minnesota
Warren E. Burger Federal Building and United States Courthouse, Suite 100
St. Paul, MN 55101
Re: *The City of Farmington Hills Employees Retirement System, et al. v. Wells Fargo Bank, N.A.,* Civil No. 10-4372 (DWF/JJG)

**Class Counsel:**
Peter A. Binkow
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
E. Powell Miller
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, MI 48307

**Wells Fargo's Counsel:**
Dan Millea
Zelle Hofmann Voelbel & Mason LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court at least twenty-one (21) calendar days prior to the Final Approval Hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must also effect service of a notice of appearance on counsel listed above and file it with the Court at least twenty one (21) calendar days prior to the Final Approval Hearing. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred absent an

8

Order from the Court. Named Plaintiffs and/or Wells Fargo shall file any reply or response to any objection at least seven (7) calendar days prior to the Final Approval Hearing.

14. Class Counsel shall file their Final Approval Motion, on behalf of Plaintiffs' Counsel, and their request for approval of the Plan of Allocation, petition for attorney fees, Service Awards and reimbursement of expenses at least thirty-five (35) calendar days prior to the Final Approval Hearing. Class Counsel shall also post their Final Approval Motion, and their request for approval of the Plan of Allocation, petition for attorney fees, Service Awards and reimbursement of expenses on the dedicated website for this Action as soon thereafter as possible.

15. Any objector who files and serves a timely, written objection may also appear at the Final Approval Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must comply with the Local Rules of this Court and must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Wells Fargo's Counsel (at the addresses set out above) and file it with the Court Clerk at least twenty-one (21) calendar days prior to the Final Approval Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown.

16. The Settlement Administrator, Wells Fargo's Counsel, and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17. If this Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement or otherwise does not become final for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect, except that any obligations or provisions relating to payment of costs and expenses incurred in connection with notice and claims administration, and any other obligation or provision that is expressly designated in the Settlement Agreement to survive termination of the Settlement, shall survive.

18. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Named Plaintiffs and all members of the Class are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any Wells Fargo Releasee.

19. The Settlement Agreement, whether or not consummated, and the negotiations thereof and any related communications made, proceedings taken, or orders entered pursuant thereto, is not admissible as evidence for any purpose against

Wells Fargo, Named Plaintiffs or Class Members in any pending or future litigation involving any of the parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Wells Fargo of any fault, wrongdoing, breach, or liability and Wells Fargo specifically denies any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she or it may have in the event that the Settlement is terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

20. The Court authorizes payment out of the Gross Settlement Fund of the Notice Costs as set forth in the Settlement Agreement.

21. The control of the Gross Settlement Fund by the Joint Escrow Agents in accordance with the terms of the Settlement Agreement is approved. No person or entity that is not a Class Member or counsel for Named Plaintiffs shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund or Net Settlement

Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

23. The Court hereby retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the releases provided for in the Settlement Agreement.

23. The Court may, for good cause, extend any of the deadlines set forth in this Order without further written notice.

Dated:  June 5, 2014          s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge

12