# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

THE CITY OF FARMINGTON HILLS
EMPLOYEES RETIREMENT SYSTEM
AND THE BOARD OF TRUSTEES OF
THE ARIZONA STATE CARPENTERS
PENSION TRUST FUND AND THE
ARIZONA STATE CARPENTERS
DEFINED CONTRIBUTION TRUST FUND,
Individually and on Behalf of All Others
Similarly Situated,

Civil No. 10-4372 (DWF/JJG)

Plaintiffs

v.

**FINAL ORDER AND JUDGMENT**

WELLS FARGO BANK, N.A.,

Defendant.

WHEREAS, the Named Plaintiffs The City of Farmington Hills Employees

Retirement System, The Board Of Trustees Of The Arizona State Carpenters Pension

Trust Fund and The Arizona State Carpenters Defined Contribution Trust Fund

(collectively, the "Named Plaintiffs") on behalf of themselves and the members of the

Class, and Wells Fargo Bank, N.A. ("Wells Fargo") entered into a Settlement

Agreement dated May 28, 2014, that provides for the payment of $62,500,000 and a

complete dismissal with prejudice of the claims asserted in the above-referenced litigation

against Wells Fargo on the terms and conditions set forth in the Settlement Agreement,

subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated June 5, 2014 (the "Preliminary Approval Order"), this

Court (a) preliminarily approved the Settlement; (b) ordered that notice of the

proposed Settlement be provided to members of the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on August 14, 2014 ("Final Approval Hearing") to (a) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (b) determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action against Wells Fargo with prejudice and extinguishing and releasing all Settled Claims (as defined therein) against all Wells Fargo Releasees and all Class Member Releasees ("Released Parties"); (c) rule on Class Counsel's application for an award of attorneys' fees and the reimbursement of Litigation Expenses; (d) rule on the Named Plaintiffs' requests for Service Awards; and (e) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Settlement, and incorporates them herein by reference as if fully set forth.

2.      The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3.      The Notice, the publication of Notice on a dedicated website and the notice methodology implemented pursuant to the Settlement Agreement and the Court's orders: (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement Agreement, including releases, of their right to object to the proposed Settlement, of their right to participate in the Settlement, and of their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

4.      Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Settlement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Settled Claims against the Released Parties set forth therein, is finally approved as fair, reasonable and adequate. The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

3

5.      The Action and the Complaint and all claims included therein, as well as all Settled Claims (defined in the Settlement Agreement), are dismissed with prejudice as to the Class Member Releasees (defined in the Settlement Agreement), and as against each and all of the Wells Fargo Releasees (defined in the Settlement Agreement).

(a)      All Class Members on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Wells Fargo Releasees from the Settled Claims.

(b)      Wells Fargo, on behalf of itself and its predecessors, successors and assigns, is hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Class Member Releasees from the Settled Claims.

The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6.      Notwithstanding Paragraph 5, nothing in this Judgment shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

7.      This Judgment and the Settlement Agreement, including any provisions contained in the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

(a)      shall not be admissible in any action or proceeding for any reason, other than an action to enforce the settlement terms; and

(b)      is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

8.      The Court hereby appoints Garden City Group as Settlement Administrator and Wells Fargo Bank, N.A. and Glancy Binkow & Goldberg LLP as Joint Escrow Agents.

9.      The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

10.      The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein, and that Named Plaintiffs and Class Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action in accordance with Federal Rule of Civil Procedure 11. The Court further finds that the Named Plaintiffs and Class Counsel adequately represented the Class Members in entering into and implementing the Settlement.

11.     No Class Member shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

12.     Subject to the Settlement Agreement, neither Wells Fargo nor its counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to, and no Class Member shall have any claim against the Wells Fargo Releasees or Wells Fargo's Counsel with respect to: (a) the provisions of the Notice, including identifying and locating Class Members; (b) the design, administration or implementation of the Plan of Allocation; (c) the determination or administration of Taxes; (d) any act, omission or determination of Class Counsel, the Joint Escrow Agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (e) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (f) the Plan of Allocation; (g) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (h) the administration of the Settlement Escrow Account; (i) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (j) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns; or (k) any expenses, costs, or losses incurred in connection with any of the above.

13.     Any order approving or modifying the Plan of Allocation set forth in the Notice, the application by Class Counsel for an award of attorneys' fees and reimbursement of expenses, or the application for Class Representative Service Awards, shall not disturb or affect the Finality of this Judgment or the Settlement Agreement.

14.     The Notice stated that Class Counsel would move for attorneys' fees in an amount not to exceed 33-⅓% of the Gross Settlement Fund, and Litigation Expenses in an amount not to exceed $2,450,000. In their Motion for Final Approval, Class Counsel requested attorneys' fees of 33-⅓% of the Gross Settlement Fund, totaling $20,833,333, and Litigation Expenses of $2,064,548.45.

15.     Class Counsel is hereby awarded a total of $ 20,833,333 in fees and $2,064,548.45 in Litigation Expenses, which sum the Court finds to be fair and reasonable. The foregoing award of fees and expenses shall be paid to Glancy Binkow & Goldberg, LLP from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund. The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees shall be within Glancy Binkow & Goldberg, LLP and the Miller Law Firm, PC's sole discretion.

16.     The Named Plaintiffs, Farmington and Arizona, are each awarded $50,000 (for a total combined award of $100,000) for their service, costs and expenses directly relating to the representation of the Class, which sum the Court finds to be fair and reasonable. The foregoing award shall be paid to the Named Plaintiffs from the Gross

Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.

17. In making this award of attorneys' fees and Litigation Expenses and the Class Representative Service Awards to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $62,500,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members will benefit from the Settlement;

(b) Notice was disseminated to Class Members stating that Class Counsel were moving for attorneys' fees not to exceed 33-⅓% of the Gross Settlement Fund in a total amount not to exceed $20,833,333, and for Litigation Expenses in an amount not to exceed $2,450,000. Class Counsel filed their application for attorneys' fees and reimbursement of expenses 14 days prior to the deadline for objections in this Action, and one (1) objection was filed by a Class Member against the terms of the proposed Settlement or the fees and expenses contained in the Notice and Class Counsel's application;

(c) Class Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

(d)     The Action involves complex factual and legal issues and was actively prosecuted for over three years, proceeded until trial was imminent, and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     During discovery in this case, the Plaintiffs' Counsel produced and/or reviewed over approximately 7,000,000 pages of documents: in total, approximately 6,800,000 pages were produced by Wells Fargo, more than approximately 130,000 pages by Named Plaintiffs, and more than approximately 135,000 pages by third parties. Plaintiffs' Counsel took, defended and/or had access to more than 90 depositions.  These depositions resulted in approximately 22,725 pages of recorded testimony and the inclusion of approximately 2,399 exhibits. The parties filed various motions including motions for partial summary judgment;

(f)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(g)     The amount of attorneys' fees and Litigation Expenses awarded from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases; and

(h)     The Class Representative Service Awards are fair and reasonable considering the time commitment and diligence of the Named Plaintiffs in prosecuting this action on behalf of the class members and is consistent with service awards in similar cases.

18.     Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Member Releasees and the Wells Fargo Releasees for purposes of:  (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Plan of Allocation, and this Judgment; (b) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (c) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Settlement Agreement.

19.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement, including with respect to the repayment by Class Counsel of attorneys' fees and Litigation Expenses awarded by the Court, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

20.    There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.    Therefore, the Motion for Attorney Fees and Costs and Class Representative Service Awards (Doc. No. [670]) and the Motion for Approval of Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. [675]) are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 18, 2014            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge